IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRENT L. ALFORD,

        Plaintiff,

v.    Case No. 24-3022-JWB

GORDON HARROD, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to disqualify Defendants as experts. (Doc. 45.) The motion has been fully briefed and is ripe for decision.[1] (Doc. 48.) The motion is GRANTED IN PART and DENIED IN PART for the reasons stated herein.

**I.    Facts**

Plaintiff, a prisoner at the Ellsworth Correctional Facility, brings this pro se civil rights action under 42 U.S.C. § 1983. During the years 2017–2021, Plaintiff received medical treatment from Defendants Dr. Harrod and Dr. Wray at the El Dorado Correctional Facility in Oswego, Kansas. Plaintiff alleges that he has suffered chronic, debilitating abdominal pain, and that this pain was "never addressed or diagnosed" by Defendants. (Doc. 3 at 2.) Plaintiff's complaint brings one count of deliberate indifference to medical needs in violation of the Eighth Amendment against both Dr. Harrod and Dr. Wray. The court previously entered an order denying Defendants' motion to dismiss. (Doc. 33.) The case has now proceeded to discovery. On June 20, Defendants filed an expert witness designation identifying both Defendants as experts pursuant to Rule

---

[1] Plaintiff did not file a reply and the time for doing so has now passed.

26(a)(2) under the Federal Rules of Civil Procedure.  (Doc. 43.)  Plaintiff now moves to disqualify Defendants.

Given Plaintiff's pro se status, the court construes his pleadings liberally, but it cannot act as his advocate or construct arguments on his behalf.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

## II.     Analysis

Plaintiff argues that Defendants' expert disclosure fails to comply with the rules and also seeks to exclude Defendants' opinions.  Reviewing the notice, Defendants have been identified as non-retained experts under Rule 26(a)(2)(C).  Non-retained experts do not provide a written report.  The rule requires notice of the subject matter on which the witness will testify and a summary of the facts and opinions to which the witness is expected to testify.  Fed. R. Civ. P. 26(a)(2)(C).  The purpose of Rule 26(a)(2) is to require disclosure of expert testimony "sufficiently in advance of trial so that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."  *Chambers v. Fike,* No. 13-1410-RDR, 2014 WL 3565481, at *3 (D. Kan. July 18, 2014) (citing *Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1191 (10th Cir. 2009)).  If a party fails to make the required disclosure, Rule 37(c) mandates that the information or witness not fully disclosed be barred from supplying evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.  *Id.*

At the outset, the court surmises that Defendants as parties to this matter would not be required to include themselves in an expert disclosure if they will only offer fact evidence regarding their treatment of Plaintiff and whether that treatment was in accordance with their education and experience.  The rule at issue speaks about witnesses who are experts that a party

may use at trial, witnesses who have been retained as experts, and those who are employed to provide expert testimony or employed by the party. Based on the language in the rule, it appears to encompass non-parties or employees of a party. Therefore, it would appear that a treating physician who is also a defendant need not disclose themselves as an expert if their testimony will be based on the treatment provided. That said, Defendants' notice, however, does not identify the opinions that they will offer at trial and Defendants themselves filed the disclosure under the rule. Therefore, Defendants could be offering opinions as to the treatment provided by the other.

Turning to the sufficiency of the notice, it states that Defendants will "testify regarding Plaintiff's medical conditions and accompanying matters, care and treatment, standard of care, causation, and damages. It is expected that Dr. Harrod [and Dr. Wray] will rebut the testimony of Plaintiff." (Doc. 43 at 1.) Defendants argue that stating they will "rebut" Plaintiff's testimony is sufficient to provide a summary of the facts and opinions to which they will testify. (Doc. 48 at 7.) The court disagrees. Defendants' disclosure does not provide a summary of the facts and opinions that Defendants will offer. It is not sufficient to merely state that the experts will testify regarding medical conditions and treatment without any summary of the facts or that treatment. *See Chambers*, 2014 WL 3565481, at *7. The disclosures must also "summarize actual and specific opinions." *Id.* Defendants' expert disclosure is entirely conclusory and provides no summary of facts or opinions that the experts will rely on. The court finds that the disclosure does not comply with Rule 26(a)(2)(C).

In their response, Defendants request that they be able to supplement their disclosure to comply with the Rule if the court finds it insufficient. (Doc. 48 at 7–8.) Because the disclosure was recently filed and discovery is ongoing, the court finds that the insufficient disclosure was harmless and any prejudice can be cured by the prompt filing of a supplemental disclosure that

3

complies with the rule. The supplemental disclosure must elaborate on the medical care and treatment and provide a brief account of the specific treatment provided, including the main points that Defendants will testify to at trial. *Chambers*, 2014 WL 3565481, at *7. Defendants must also identify any referrals made and the reason for the referrals. Defendants must also summarize any opinions they intend to offer.

To the extent Plaintiff seeks to disqualify Defendants from testifying as experts under *Daubert*, the motion is denied because the court is unable to determine what the opinions are as discussed herein. However, given that Defendants are treating physicians who are alleged to have engaged in medical malpractice, the court finds it difficult to imagine a circumstance in which they would be disqualified to testify in the case against them. Any motion challenging the admissibility of their opinions as to Plaintiff's treatment would likely be a waste of time and, ultimately, be denied.

### III. Conclusion

Plaintiff's motion to disqualify Defendants (Doc. 45) is GRANTED IN PART and DENIED IN PART. Defendants must supplement their expert designations by August 5, 2025. IT IS SO ORDERED. Dated this 31st day of July, 2025.

                                                          s/ John W. Broomes
                                                          JOHN W. BROOMES
                                                          UNITED STATES DISTRICT JUDGE