IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRENT L. ALFORD,

        Plaintiff,

v.                                                                                            Case No. 24-3022-JWB

GORDON HARROD, *et al*.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion to file exhibits under seal (Doc. 74); Plaintiff's motion to withdraw his summary judgment motion (Doc. 77); and Plaintiff's "cross-moves for summary judgment" motion (Doc. 78.) For the reasons stated herein, Defendants' motion to file exhibits under seal is DENIED. Plaintiffs' motion to withdraw his summary judgment motion is GRANTED. Thus, Defendants' motion to strike (Doc. 70) is DENIED AS MOOT and Plaintiff's summary judgment motion (Doc. 63) is DENIED AS MOOT. Finally, Plaintiffs' "cross-moves for summary judgment" is DENIED.

**I.**     **Facts**

Brent L. Alford ("Plaintiff") brings one count of deliberate indifference to medical needs in violation of the Eighth Amendment against Dr. Gordon Harrod and Dr. Robert Wray ("Defendants"). (*See* Doc. 3.)

**II.**     **Defendant's Motion to File Under Seal (Doc. 74)**

Pursuant to Local Rule 5.4.2., Defendants seek to have Exhibits 3, 4, 6, 7, 8, 9, 10, 11, 12, and 13 sealed from public view. (Doc. 74.) Upon inspection by this court, these exhibits exclusively include Plaintiff's medical records.

1

Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The court has the "authority to seal documents before it, based upon the court's inherent supervisory authority over its own files and records." *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013). The party seeking to seal the documents must articulate "a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017) (citation omitted).

Defendants have not shown in their motion to seal any reason why there is a substantial interest in depriving the public access to the records in her motion. Rather, Defendants only mention that because the exhibits are Plaintiff's medical records, they should be sealed from public view. (Doc. 74.) Where the central claim involves indifference to medical needs, accompanying medical records are central to the claim and this court has denied motions to seal such documents. *See Chadwell v. United States*, No. 20-1372-JWB, 2024 WL 4298677, at *1-2 (D. Kan. Sept. 26, 2024) ("[T]hese medical records are central to the claims. In such cases, this court has denied motions to seal . . ."); *see also United States v. Washington*, No. CR 07-20090-02-KHV, 2020 WL 4673168, at *1 (D. Kan. Aug. 11, 2020).

**III.    Conclusion**

THEREFORE, Defendants' motion to seal exhibits 3, 4, 6, 7, 8, 9, 10, 11, 12, and 13 (Doc. 74) is DENIED. However, due to those exhibits containing personally identifiable information, the Clerk is directed to leave the provisionally sealed exhibits under docket entry 67 sealed. Accordingly, Defendants are instructed to refile the same exhibits with proper redaction pursuant to Federal Rule of Civil Procedure 5.2(a).

3

IT IS FURTHER ORDERED that Plaintiffs' motion to withdraw his motion for summary judgment (Doc. 77) is GRANTED.  Thus, Plaintiff's summary judgment motion and supporting brief (Docs. 63, 64) is DENIED AS MOOT.  Accordingly. Defendants' motion to strike Plaintiffs' motion for summary judgment is DENIED AS MOOT.  Finally, Plaintiffs' motion entitled "Plaintiff's Cross-Moves for Summary Judgment," which the court interprets as Plaintiff's attempt to file a renewed motion for summary judgment, is DENIED for failure to comply with federal and local rules and because it is untimely.[1]

IT IS SO ORDERED.  Dated this 29th day of October, 2025.

    s/ John W. Broomes    
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Per Magistrate Judge Schwartz's scheduling order, all dispositive motions were to be filed prior to October 3, 2025. (Doc. 56.)