IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRENT L. ALFORD,

        Plaintiff,

v.                                                          Case No. 24-3022-JWB

GORDON HARROD, *et al.*,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for reconsideration, which the court construes as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59 or 60. (Doc. 85.) Defendants have not filed a response and the time to do so has passed. For the reasons stated herein, Plaintiff's motion is DENIED.

**I.**     **Facts**

On February 8, 2024, Brent Alford ("Plaintiff"), a prisoner at the Ellsworth Correctional Facility, brought a pro se civil rights action under 42 U.S.C. § 1983. (Doc. 3.) Plaintiff received medical care from Dr. Harrod and Dr. Wray (collectively "Defendants") at various times while incarcerated. (*Id.*) In short, Plaintiff alleged that Defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights under the Eighth Amendment. (*Id.*) On October 3, 2025, Defendants filed a motion for summary judgment seeking dismissal of Plaintiff's complaint on the grounds that he failed to state a claim. (Doc. 65.) On November 21, 2025, this court entered an order granting that motion in favor of Defendants, thereby dismissing Plaintiff's complaint. (Doc. 83.) In that order, the court more thoroughly sets forth the prior

procedural and factual history of this action. Plaintiff now moves this court to reconsider that ruling.

**II.     Standard**

Because Plaintiff is proceeding pro se, the court must liberally construe his pleadings. *Clark v. Lynch*, 213 F.Supp.3d 1347, 1349 (D. Kan. 2016). But the court will not act as an advocate. *Id.* (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

A motion to reconsider a dispositive order must be asserted pursuant to Fed. R. Civ. P. 59(e) or 60. *See* D. Kan. R. 7.3. Plaintiff does not cite either rule in his motion, however his motion seeks to alter the substantive ruling of the court. Therefore, it is properly construed as a motion under Rule 59 and 60.

"Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice." *Jenny Yoo Collection, Inc. v. Essense of Australia, Inc.*, No. 17-CV-2666-JAR-GEB, 2019 WL 2717167, *2 (D. Kan. June 28, 2019) (citing *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017)). A motion to reconsider a prior ruling "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Rezac Livestock Comm. Co., Inc. v. Pinnacle Bank*, No. 15-4958-DDC, 2019 WL 2613179, *9 (D. Kan. June 26, 2019) (quotation omitted). It is appropriate only "where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. (quotation omitted).

Courts have the authority under Rule 60 to grant relief from a final judgment for several specific reasons. The court has authority to make corrections based on "a mistake arising from oversight or omission." Fed. R. Civ. P. 60(a). The court also has more general authority to provide

relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also Johnson v. Spencer*, 950 F.3d 680, 702 (10th Cir. 2020). However, relief granted under this part of the rule "is extraordinary and reserved for exceptional circumstances." *Johnson*, 950 F.3d at 702 (quotation omitted).

**III.    Analysis**

In support of Plaintiff's motion, he does not argue an intervening change of law or discovery of new evidence which was not previously available. Plaintiff, therefore, seems to assert manifest injustice or clear error by arguing that the court improperly resolved all factual disputes in favor of Defendants and failed to view the evidence in the light most favorable to him. (Doc. 85 at 1, 6-7.) Specifically, Plaintiff objects to the court's conclusion that he failed to satisfy the subjective prong of the deliberate indifference standard. (*Id*. at 1-2.) He argues that Defendant Wray's failure to physically examine his abdomen during the month prior to his medical emergency, cancellation of the specialist appointment, and failure to order the correct diagnostic x-ray constitute deliberate indifference. (*Id*. at 2-4.) As to Defendant Harrod, Plaintiff contends that the identification of an adrenal mass in 2018 that was never specifically addressed demonstrates deliberate indifference. (*Id*. at 5.) These arguments amount to nothing more than a regurgitation of the same arguments previously raised by Plaintiff and rejected by this court.

Plaintiff fails to illustrate any reason for the court to reverse course with its prior ruling. The court previously considered these very arguments in Plaintiff's opposition to summary judgment in the light most favorable to Plaintiff. Ultimately, this court, in resolving all factual disputes in favor of Plaintiff, determined that he failed to establish the subjective component of deliberate indifference and failed to show that Defendants were aware of and disregarded Plaintiff's medical needs. (Doc. 83 at 13-21.) And because a motion for reconsideration is not an

appropriate tool to repeat arguments or advance arguments that could have been raised previously, Plaintiff may not do so here.

Accordingly, Plaintiff's motion fails to raise any basis under Rule 59 or 60 that would support relief from the judgment entered in this case because his motion largely reiterates the same assertions that were previously raised and rejected. *See Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (explaining that a Rule 60 motions are not an appropriate vehicle to "revisit[] the original issues" or "to advance new arguments or supporting facts that were available but not raised at the time of the original argument"); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (same for Rule 59 motions).

**IV.    Conclusion**

THEREFORE, Plaintiff's motion for reconsideration (Doc. 85) is DENIED.

IT IS SO ORDERED.  Dated this 28th day of January, 2026.

    __s/ John W. Broomes_____
    JOHN W. BROOMES
    CHIEF UNITED STATES DISTRICT JUDGE